■ ROBERT LATINO et al., Respondents-Appellants, v NOLAN AND TAYLOR-HOWE FUNERAL HOME, INC., Respondent, and PE-

TER J. NOLAN et al., Appellants-Respondents. [754 NYS2d 289] —In an action to recover damages for personal injuries, etc., the defendants Peter J. Nolan and Laure C. Nolan appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated July 30, 2001, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them, granted the cross motion of the defendant Nolan and Taylor-Howe Funeral Home, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and, sua sponte, granted the plaintiffs leave to amend their bill of particulars, and the plaintiffs cross-appeal from so much of the same order as denied their motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and granted the cross motion of the defendant Nolan and Taylor-Howe Funeral Home, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal by the defendants Peter J. Nolan and Laure C. Nolan from so much of the order as granted the cross motion of the defendant Nolan and Taylor-Howe Funeral Home, Inc., for summary judgment dismissing the complaint insofar as asserted against it is dismissed, without costs or disbursements, as the appellants-respondents are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that on the Court's motion, the notice of appeal from so much of the order as, sua sponte, granted the plaintiffs leave to amend their bill of particulars is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion of the defendant Nolan and Taylor-Howe Funeral Home, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Robert Latino was injured while performing taping and spackling work on property owned by the defendants Peter J. Nolan and Laure C. Nolan (hereinafter the Nolans). Peter J. Nolan is also an owner and officer of the defendant Nolan and Taylor-Howe Funeral Home, Inc. (hereinafter the Funeral Home). He requested the services of several Funeral Home employees to assist with the renovation work being done

at the Nolan property. While standing on a workbench approximately 18 inches high and leaning over an uninstalled toilet, in order to reach the eight-foot-high ceiling on which he was performing his work, Latino fell onto the toilet and was injured. Latino and his wife commenced this action against the Nolans and the Funeral Home, seeking damages for common-law negligence and failure to comply with Labor Law § 200, § 240 (1) and § 241 (6).

The Supreme Court properly denied the Nolans' cross motion for summary judgment dismissing the complaint insofar as asserted against them. As the owners of the property, the Nolans may be liable for negligence for failing to provide a safe place to work if they supervised or controlled the work site (*see Lombardi v Stout,* 80 NY2d 290). Contrary to the Nolans' contentions, there is evidence that they maintained a degree of control over the renovations being performed on their property. The Nolans were involved in designing the layout of the renovations and visited the site periodically. There was evidence that Peter Nolan hired all the workers, with the exception of Latino, paid for the materials used, and was in charge of the renovations. This evidence was sufficient to raise a triable issue of fact as to the Nolans' supervision and control over the work site where the accident occurred, thereby requiring denial of those branches of their motion which were for summary judgment dismissing so much of the complaint as asserted claims based upon common-law negligence and violation of Labor Law § 200.

The Nolans also were not entitled to summary judgment dismissing so much of the complaint as asserted claims pursuant to Labor Law § 240 (1) and § 241 (6). Latino's work exposed him to an elevation-related risk within the meaning of Labor Law § 240 (1) (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514; *Norton v Bell & Sons,* 237 AD2d 928, 929).

The plaintiffs alleged violations of 12 NYCRR 23-2.1 (a) (1) and 12 NYCRR 23-1.7 (e) (2) for the first time in their papers in opposition to the Nolans' cross motion for summary judgment. Contrary to the Nolans' contention, the Supreme Court correctly granted, *sua sponte*, the plaintiffs leave to amend their bill of particulars. The amendment presented no new factual allegations or new theories of liability, and did not prejudice the Nolans (*see Kelleir v Supreme Indus. Park,* 293 AD2d 513; *O'Connell v Consolidated Edison Co. of N.Y.,* 276 AD2d 608, 610). The plaintiffs' allegation of specific Industrial Code provisions for the first time in their opposition to the No-

lans' cross motion for summary judgment was not fatal to their claim, and was sufficient to raise a triable issue of fact regarding the Nolans' liability pursuant to Labor Law § 241 (6) (*see Kelleir v Supreme Indus. Park, supra*; *Pasquarello v Citicorp/ Quotron,* 251 AD2d 477).

The Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), as there are triable issues of fact concerning the adequacy of the workbench as a safety device, and proximate cause (*see Anspach v Miller Bluff's Constr. Corp.,* 280 AD2d 564; *Ossorio v Forest Hills S. Owners,* 251 AD2d 475; *Tweedy v Roman Catholic Church of Our Lady of Victory,* 232 AD2d 630; *Rice v PCM Dev. Agency Co.,* 230 AD2d 898).

The Funeral Home did not establish its entitlement to judgment as a matter of law. Therefore, we modify the order to deny its motion for summary judgment dismissing the complaint insofar as asserted against it. In light of the evidence concerning the involvement of the Funeral Home employees in the renovation work, there are triable issues of fact as to the authority of the Funeral Home to supervise and control the activity at the work site (*see Russin v Picciano & Son,* 54 NY2d 311). Ritter, J.P., Krausman, McGinity and Luciano, JJ., concur.