■ SCOTT DOWD et al., Appellants-Respondents, v CITY OF NEW YORK, Respondent, and BROOKLYN UNION GAS, Respondent-Appellant. (And a Third-Party Action.) [837 NYS2d 668]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated February 3, 2005, as denied those branches of their cross motion which were for leave to amend the bill of particulars to allege violations of 12 NYCRR 23-1.7 (d) and stated New York City Department of Transportation regulations and for leave to serve an amended notice of claim, and the defendant Brooklyn Union Gas cross-appeals from so much of the same order as denied those branches of its motion which were for summary judgment dismissing so much of the complaint as sought to recover damages pursuant to the common law, Labor Law § 200, and Labor Law § 241 (6) predicated upon 12 NYCRR 23-1.7 (e) (2).

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiffs' cross motion which were for leave to amend the bill of particulars to allege violations of 12 NYCRR 23-1.7 (d) and stated New York City Department of Transportation regulations and for leave to serve an amended notice of claim, and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiffs.

In August 1995 the plaintiff Scott Dowd (hereinafter the plaintiff) was injured while working as a foreman of a small gas mains crew for a subcontractor that had been retained by the defendant Brooklyn Union Gas (hereinafter Brooklyn Union) to install new gas piping at a location owned by the defendant City of New York. The plaintiff alleged that the excavation trench in which his crew was required to work became flooded on a daily basis with six to seven feet of water, probably from a broken water main, and that every day he told an inspector employed by Brooklyn Union about the dangerous condition. The condition was not corrected and each day his crew would pump out water, but at least a foot of water remained in the bottom of the trench at all times. The plaintiff alleged that his injury occurred as he was attempting to remove a piece of wood that had become embedded in mud at the bottom of the trench, when he lost his footing and slipped and fell backwards, and a nail protruding from the wood drove into his wrist. A resulting blood infection caused the loss of the use of his right arm and hand.

Following the accident, the plaintiffs served a notice of claim upon the City and then commenced this action against Brooklyn Union and the City to recover damages for common-law negligence and violations of Labor Law §§ 200 and 241 (6). Brooklyn Union subsequently moved, inter alia, for summary judgment dismissing the complaint, and the plaintiffs cross-moved, among other things, for leave to amend their bill of particulars to allege violations of 12 NYCRR 23-1.7 (d) and certain New York City Department of Transportation (hereinafter the DOT) regulations, and for leave to serve an amended notice of claim specifying the manner in which the accident occurred. The Supreme Court, inter alia, denied those branches of the plaintiffs' cross motion and granted the motion of Brooklyn Union only to the extent of dismissing so much of the complaint as was predicated upon 12 NYCRR 23-1.8 (c) (2), 12 NYCRR 23-2.1 (b), and OSHA regulations. The Supreme Court properly determined Brooklyn Union's motion, but it improvidently exercised its discretion in denying those branches of the plaintiffs' cross motion.

Since the accident allegedly resulted from a dangerous condition of the workplace, Brooklyn Union, as a general contractor, may be held liable for violation of Labor Law § 200 and breach of its common-law duty to provide a safe workplace upon a showing that it had control over the work site and had actual or constructive notice of the dangerous condition (see Keating v Nanuet Bd. of Ed., 40 AD3d 706 [2007]; Kerins v Vassar Coll., 15 AD3d 623, 625-626 [2005]; Blysma v

*County of Saratoga,* 296 AD2d 637, 639 [2002]). Brooklyn Union failed to make a prima facie showing of entitlement to summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action by tendering sufficient evidence to eliminate any material issues of fact from the case (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York,* 49 NY2d 557, 562-563 [1980]).

Brooklyn Union also failed to demonstrate its entitlement to summary judgment dismissing the cause of action based on Labor Law § 241 (6), to the extent that the cause of action is based on an alleged violation of 12 NYCRR 23-1.7 (e) (2). That provision of the Industrial Code provides, in relevant part, that "[t]he parts of floors . . . and similar areas where persons work . . . shall be kept free . . . from sharp projections insofar as may be consistent with the work being performed." The trench in which the accident occurred was a work area for the injured plaintiff, and there are issues of fact as to whether the piece of wood embedded in the trench and/or the bent nail protruding from the wood were "sharp projections" in violation of that provision (*see Kerins v Vassar Coll.,* 293 AD2d 514 [2002]; *McAndrew v Tennessee Gas Pipeline Co.,* 216 AD2d 876 [1995]).

The plaintiffs also asserted, in opposition to Brooklyn Union's motion for summary judgment dismissing the Labor Law § 241 (6) claim, that the defendants had violated 12 NYCRR 23-1.7 (d), relating to prevention of slippery conditions caused by ice, water, or other foreign substances, and requested leave to amend their bill of particulars to so allege. The plaintiffs' failure to allege such violation earlier was not fatal to their claim (*see Latino v Nolan & Taylor-Howe Funeral Home,* 300 AD2d 631, 633-634 [2002]; *Kelleir v Supreme Indus. Park,* 293 AD2d 513, 513-514 [2002]). Leave to amend the bill of particulars to specify an Industrial Code violation may properly be granted after the note of issue has been filed, provided that the plaintiffs make a showing of merit and that the amendment "involve[s] no new factual allegations, raise[s] no new theories of liability, and cause[s] no prejudice to the defendants" (*Kelleir v Supreme Indus. Park, supra* at 514; *see also Balsamo v City of New York,* 287 AD2d 22, 27 [2001]; *Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.,* 271 AD2d 231 [2000]). The plaintiffs submitted an expert affidavit in support of their cross motion and the defendants have long been aware that the injured plaintiff claims that the water flooding the trench on a daily basis caused a dangerous condition that led him to lose his footing, slip, and fall as he was attempting to remove wood embedded in the bottom of the muddy trench. Since the defendants failed to show

any prejudice that would result from the amendment or to establish that the proposed amendment lacks any merit, leave to amend should have been granted.

The plaintiffs also sought leave to amend the bill of particulars to allege that the defendants violated stated New York City Department of Transportation regulations requiring contractors to keep excavations and trenches free from water, and offered the affidavit of an engineer, who opined that those regulations were applicable and that their violation proximately caused the injury. Although a violation of municipal regulations may not form a basis of liability under Labor Law § 241 (6) (*see Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343, 351 [1998]; *Heller v 83rd St. Invs. Ltd. Partnership,* 228 AD2d 371 [1996]), proof that a defendant violated an applicable municipal regulation may be relied upon as some proof of negligence in support of a common-law negligence or Labor Law § 200 claim (*see Elliott v City of New York,* 95 NY2d 730, 734 [2001]; *Ganci v Port Auth. Trans-Hudson Corp.,* 258 AD2d 386 [1999]; *Hare v City of New York,* 183 AD2d 682 [1992]). Absent any showing by the defendants that the cited regulations are inapplicable or that permitting the amendment would result in unfair prejudice, the plaintiffs should have been granted leave to amend their bill of particulars in the manner proposed.

Finally, the plaintiffs should have been granted leave to amend the notice of claim pursuant to General Municipal Law § 50-e (6) to further specify the manner in which the claim arose. Leave to amend a notice of claim may be granted so long as the "mistake, omission, irregularity, or defect was made in good faith, and in the absence of prejudice to the municipal defendant" (*Streletskaya v New York City Tr. Auth.,* 27 AD3d 640, 641 [2006]). There is no contention that the plaintiffs acted in bad faith and the City failed to show how it would be prejudiced by such amendment, since the proposed amendment does not substantially alter the theories of liability alleged in the complaint and since the plaintiff testified in detail concerning the manner in which the accident occurred at the General Municipal Law § 50-h hearing (*see Streletskaya v New York City Tr. Auth., supra; Oschepkova v New York City Tr. Auth.,* 24 AD3d 523 [2005]; *Ingle v New York City Tr. Auth.,* 7 AD3d 574, 576 [2004]; *Butler v Town of Smithtown,* 293 AD2d 696, 697 [2002]). Accordingly, the plaintiffs should have been permitted to serve an amended notice of claim. Schmidt, J.P., Mastro, Fisher and Lunn, JJ., concur.