■ JAMES QUILLIAMS, Plaintiff, v HALF HOLLOW HILLS SCHOOL DISTRICT (CANDLEWOOD SCHOOL) et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. MARYLAND FABRICATORS, INC., Third-Party Defendant-Respondent-Appellant. [892 NYS2d 397]—

In an action to recover damages for personal injuries, the

defendants third-party plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Sgroi, J.), dated April 16, 2008, as denied that branch of their motion which was for conditional summary judgment on the third-party cause of action asserted by the defendant third-party plaintiff E.W. Howell Construction for contractual indemnification, and the third-party defendant cross-appeals from so much of the same order as granted those branches of the motion of the defendants third-party plaintiffs which were for conditional summary judgment on the third-party cause of action asserted by the defendant third-party plaintiff Half Hollow Hills School District (Candlewood School) for contractual indemnification and for partial summary judgment on the third-party cause of action to recover damages for breach of contract.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendants third-party plaintiffs which was for conditional summary judgment on the third-party cause of action asserted by the defendant third-party plaintiff E.W. Howell Construction for contractual indemnification is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants third-party plaintiffs.

This action arises out of injuries allegedly sustained by the plaintiff in a construction accident that occurred on property owned by the defendant third-party plaintiff Half Hollow Hills School District (Candlewood School) (hereinafter the owner). The owner had hired the defendant third-party plaintiff E.W. Howell Construction (hereinafter the general contractor) to act as general contractor for the construction project. The general contractor, in turn, hired the third-party defendant, Maryland Fabricators, Inc. (hereinafter the subcontractor), to furnish and erect structural steel for the project.

On June 6, 2003 the plaintiff, an ironworker employed by the subcontractor, was using a connecting bar to pry one end of a beam into place on a column when the end of the beam suddenly dropped about four feet, causing him to lose his balance and fall approximately 20 feet to the ground.

The plaintiff commenced this action against the owner and the general contractor to recover damages for personal injuries, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). The owner and general contractor commenced a third-party action against the subcontractor as-

serting, inter alia, causes of action to recover damages for contractual indemnification and to recover damages for breach of contract to procure primary liability insurance.

At issue on this appeal and cross appeal are the determinations of the Supreme Court granting the owner and the general contractor partial summary judgment on their third-party cause of action to recover damages from the subcontractor for breach of contract to procure primary liability insurance, granting the owner conditional summary judgment on its third-party cause of action against the subcontractor for contractual indemnification, and denying the general contractor conditional summary judgment on its third-party cause of action against the subcontractor for contractual indemnification.

The Supreme Court erred in denying the general contractor conditional summary judgment on its third-party cause of action against the subcontractor for contractual indemnification. However, the Supreme Court properly granted the owner conditional summary judgment on its third-party cause of action against the subcontractor for contractual indemnification.

The owner and general contractor demonstrated, prima facie, that the plaintiff's alleged injuries, if any, were sustained as a result of the methods or materials used in the steel erection work, rather than as a result of a dangerous condition at the site, and that neither the owner nor the general contractor exercised supervisory control over the steel erection work. Contrary to the Supreme Court's conclusion, the fact that the general contractor exercised general duties to oversee work and to ensure compliance with safety regulations did not raise a triable issue of fact as to whether it was negligent, and therefore not entitled to contractual indemnification (*see McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796 [2007]; *Peay v New York City School Constr. Auth.*, 35 AD3d 566, 567 [2006]; *Warnitz v Liro Group,* 254 AD2d 411 [1998]). The plaintiff acknowledged that at the time of the accident he was following the instructions and direction of his foreman. There is no evidence, other than speculation, that the owner or general contractor was negligent, or that either one directed, controlled, or supervised the manner in which the plaintiff performed his work or supplied the materials or tools used by the plaintiff. Moreover, the subcontractor's "mere hope" that discovery would yield material and relevant evidence was not a ground to deny summary judgment (*Giraldo v Morrisey,* 63 AD3d 784, 785 [2009]; *see LKE Family Ltd. Partnership v Gillen Living Trust,* 59 AD3d 602 [2009]; *Board of Mgrs. of Park Regent Condominium v Park Regent Unit Owners Assoc.,* 58 AD3d 589 [2009]).

Further, the subcontractor violated the insurance procurement clause by failing to secure primary liability insurance in the stated amount, so that the Supreme Court properly granted partial summary judgment against it as the third-party cause of action to recover damages for breach of contract.

The subcontractor's remaining contentions are without merit or need not be addressed in light of our determination. Covello, J.P., Santucci, Chambers and Lott, JJ., concur.