■ MATTHEW D'ELIA, Appellant, v CITY OF NEW YORK et al., Respondents. [916 NYS2d 196]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated October 8, 2009, as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of

Labor Law §§ 200 and 241 (6), and denied that branch of the plaintiff's cross motion which was, in effect, for leave to amend his bill of particulars to allege a violation of 12 NYCRR 23-1.23.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's cross motion which was, in effect, for leave to amend his bill of particulars to allege a violation of 12 NYCRR 23-1.23 and substituting therefor a provision granting that branch of the cross motion, and (2) by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In September 2001 the plaintiff allegedly was injured while working as a surveyor for a subcontractor that had been hired to construct the foundation for a new public school in Queens. The plaintiff alleged that he fell while carrying equipment up a steeply inclined slope arising out of a deep excavation pit made of loosely compacted dirt and rocks.

The plaintiff commenced this action against the defendants to recover damages for common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following discovery, the defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved, inter alia, in effect, for leave to amend his bill of particulars to allege a violation of 12 NYCRR 23-1.23. Insofar as relevant to this appeal, the Supreme Court denied that branch of the plaintiff's cross motion which was, in effect, for leave to amend his bill of particulars and granted the defendants summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 241 (6) causes of action.

Labor Law § 200 is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]; Martinez v City of New York, 73 AD3d 993, 997 [2010]). Where, as here, a plaintiff's injuries result from the manner in which the work is performed, as opposed to a dangerous condition at the work site, recovery against the owner cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work (see McKee v Great Atl. & Pac. Tea Co., 73 AD3d 872, 873-874 [2010]; Ortega v Puccia, 57 AD3d 54, 61 [2008]; Gomez v City of New York, 56 AD3d 522, 523 [2008]). The defendants, the alleged owners of the site, satisfied their

burden of establishing their prima facie entitlement to judgment as a matter of law by demonstrating that they did not have the authority to supervise the plaintiff's work (*see McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d at 874; *Quilliams v Half Hollow Hills School Dist. [Candlewood School]*, 67 AD3d 763, 765 [2009]; *Gomez v City of New York*, 56 AD3d at 523). In opposition, the plaintiff failed to raise a triable issue of fact (*see McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d at 874; *Quilliams v Half Hollow Hills School Dist. [Candlewood School]*, 67 AD3d at 765; *Gomez v City of New York*, 56 AD3d at 524). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence.

With respect to a claim pursuant to Labor Law § 241 (6), the plaintiff must allege a violation of a specific and applicable provision of the Industrial Code (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 504-505 [1993]; *Galarraga v City of New York*, 54 AD3d 308, 309 [2008]). A failure to identify the Industrial Code provision in the complaint or bill of particulars is not fatal to such a claim (*see Galarraga v City of New York*, 54 AD3d at 310; *Dowd v City of New York*, 40 AD3d 908, 911 [2007]; *Latino v Nolan & Taylor-Howe Funeral Home*, 300 AD2d 631, 633-634 [2002]; *Kelleir v Supreme Indus. Park*, 293 AD2d 513, 514 [2002]). Rather, leave to amend the pleadings to identify a specific, applicable Industrial Code provision "may properly be granted, even after the note of issue has been filed, where the plaintiff makes a showing of merit, and the amendment involves no new factual allegations, raises no new theories of liability, and causes no prejudice to the defendant" (*Galarraga v City of New York*, 54 AD3d at 310; *see Dowd v City of New York*, 40 AD3d at 911; *Kelleir v Supreme Indus. Park*, 293 AD2d at 514).

Here, 12 NYCRR 23-1.23, which pertains to earth ramps and runways, is a specific Industrial Code provision applicable to the plaintiff's Labor Law § 241 (6) claim (*see Demartino v CBS Auto Body & Towing*, 208 AD2d 886, 888 [1994]). In addition, the defendants were aware for a long time that the plaintiff alleged his injuries were caused by a loosely compacted earthen slope that was used to gain access to and from the excavation ditch where the foundation to the school was being constructed. Since the defendants failed to show any prejudice that would result from the amendment or to establish that the proposed amendment lacked any merit, leave to supplement should have been granted (*see Dowd v City of New York*, 40 AD3d at 911-912). Ac-

cordingly, the Supreme Court should have granted that branch of the plaintiff's cross motion which was, in effect, for leave to amend his bill of particulars, and denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6).

The defendants' contention that all claims should be dismissed insofar as asserted against the defendant City of New York because the City was not the owner of the site at the time of the accident is improperly raised for the first time on appeal (*see Dupkanicova v Vasiloff*, 35 AD3d 650, 651 [2006]). Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.