■ ADAM KOWALIK, Appellant, v HADASSAH LIPSCHUTZ et al., Respondents. [917 NYS2d 251]—

In an action to recover damages for personal injuries, the

plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Jamieson, J.), dated March 3, 2010, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages based upon violations of Labor Law § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly slipped on sawdust and other construction debris while using a table saw in the course of his employment on a renovation project at the defendants' property. His hand came into contact with the blade of the running saw, which resulted in deep cuts. The plaintiff commenced this action against the defendants alleging, inter alia, violations of Labor Law § 241 (6).

The defendants moved for summary judgment dismissing the complaint. Insofar as relevant to this appeal, the defendants argued that dismissal of the Labor Law § 241 (6) cause of action was warranted because the plaintiff failed to allege an Industrial Code violation. In opposition, the plaintiff for the first time alleged a violation of Industrial Code (12 NYCRR) § 23-1.7 (d). The Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action. We affirm.

In order to establish a Labor Law § 241 (6) claim, a plaintiff is required to plead and prove a specific violation of the Industrial Code (see generally Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 503 [1993]; Bailey v Irish Dev. Corp., 274 AD2d 917, 920 [2000]; Ciraolo v Melville Ct. Assoc., 221 AD2d 582, 583 [1995]). Indeed, a "plaintiff's failure to identify a violation of any specific provision of the State Industrial Code precludes liability under Labor Law § 241 (6)" (Owen v Commercial Sites, 284 AD2d 315 [2001]).

However, "the failure to identify the specific [Industrial] Code provision allegedly violated in support of a Labor Law § 241 (6) cause of action either in the complaint or in the bill or supplemental bills of particulars is not necessarily fatal" (Galarraga v City of New York, 54 AD3d 308, 310 [2008]). A plaintiff may make an allegation of an Industrial Code violation in support of a Labor Law § 241 (6) claim for the first time in opposition to a motion for summary judgment if the allegation "involve[s] no new factual allegations, raise[s] no new theories of liability, and cause[s] no prejudice to the defendants" (Kelleir v Supreme Indus. Park, 293 AD2d 513, 514 [2002]).

Contrary to the defendants' assertions, the plaintiff's belated

citation of Industrial Code (12 NYCRR) § 23-1.7 (d) did not involve new factual allegations or new theories of liability, and did not cause unfair prejudice to the defendants. The defendants were put on sufficient notice that the plaintiff's Labor Law § 241 (6) claim related to slipping hazards through the plaintiff's second amended complaint, bill of particulars, and deposition testimony.

The defendants, however, made a prima facie showing that Industrial Code (12 NYCRR) § 23-1.7 (d) does not apply to the facts of this case and the plaintiff failed to put forth any evidence to raise a triable issue of fact with respect to this question. Section 23-1.7 (d) requires employers to remove, sand, or cover "foreign substance[s]" which may cause slippery footing (12 NYCRR 23-1.7 [d]). Where, as here, the substance naturally results from the work being performed, it is not generally considered a "foreign substance" under this provision (see *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619 [2003]; *Cabrera v Sea Cliff Water Co.*, 6 AD3d 315 [2004]).

Here, the defendants submitted evidence that the plaintiff slipped on sawdust and construction debris created by the saw he used all day, and that he slipped while he was continuing to cut wood. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action. Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur. **[Prior Case History: 26 Misc 3d 1232(A), 2010 NY Slip Op 50349(U).]**