■ FERNANDO CANOSA et al., Respondents-Appellants, v HOLY NAME OF MARY ROMAN CATHOLIC CHURCH, Appellant-Respondent. [920 NYS2d 390]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), dated March 22, 2010, as denied its cross motion for summary judgment dismissing the complaint, and the plaintiffs cross-appeal from so much of the same order as denied their motion for summary judgment on the issue of liability on their cause of action to recover damages for a violation of Labor Law § 240 (1).

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendant's cross motion which were for summary judgment dismissing the causes of action to recover damages for violations of Labor Law §§ 200, 241 (6), and common-law negligence, and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Fernando Canosa (hereinafter the injured plaintiff) allegedly was injured when he fell from a scaffold while working on a project to paint and repair the defendant's premises. The accident occurred while the injured plaintiff was in the process of dismantling the lowest level of the scaffold, at a height of about six to seven feet above the ground. The scaffold platform consisted of three aluminum planks approximately 10 feet long, which were hooked or clipped together. The injured plaintiff, who was standing on the scaffold platform while disassembling it, had just unhooked the second of the three planks, and was handing it to a fellow employee, when he lost his balance and fell. Following the accident, the injured plaintiff and his wife, suing derivatively, commenced this action seeking to recover damages, inter alia, for violations of Labor Law §§ 200, 240 (1) and § 241 (6), and common-law negligence. After depositions had been conducted, the plaintiffs moved for summary judgment on the issue of liability on their cause of action alleging a violation of Labor Law § 240 (1), and the defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court denied both the motion and cross motion. We modify by granting those branches of the defendant's cross motion which were for summary judgment dismissing the causes of action to recover damages for violations of Labor Law §§ 200, 241 (6), and common-law negligence.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of its cross motion which was to dismiss the plaintiffs' cause of action to recover damages for

violation of Labor Law § 240 (1). Labor Law § 240 (1) imposes a nondelegable duty upon owners and general contractors to provide safety devices to protect workers from elevation-related risks (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]; *Barr v 157 5 Ave., LLC*, 60 AD3d 796 [2009]). "To impose liability pursuant to Labor Law § 240 (1), there must be a violation of the statute and that violation must be a proximate cause of the plaintiff's injuries" (*Tama v Gargiulo Bros., Inc.*, 61 AD3d 958, 960 [2009]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]). "Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240 (1)" (*Treu v Cappelletti*, 71 AD3d 994, 997 [2010]; *see Silvas v Bridgeview Invs., LLC*, 79 AD3d 727 [2010]).

Here, the defendant made a prima facie showing of its entitlement to summary judgment dismissing the Labor Law § 240 (1) cause of action through the submission of an expert affidavit concluding that the injured plaintiff was provided with adequate safety devices, and was the sole proximate cause of his accident because he needlessly exposed himself to an elevation risk by standing on the scaffold platform to unhook the planks instead of doing so from the ground or using an available ladder (*see Broggy v Rockefeller Group, Inc.*, 8 NY3d 675, 681-682 [2007]; *Bin Gu v Palm Beach Tan, Inc.*, 81 AD3d 867 [2011]). However, the evidence submitted in opposition to the cross motion, which included the affidavit of an engineer, was sufficient to raise triable issues of fact as to whether the injured plaintiff was provided with adequate safety devices and, if not, whether the absence of certain safety devices was a proximate cause of the accident.

The Supreme Court should have granted that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 241 (6). In order to establish a Labor Law § 241 (6) claim, a plaintiff must allege a violation of a specific and applicable provision of the Industrial Code (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 504-505 [1993]; *D'Elia v City of New York*, 81 AD3d 682 [2011]). The defendant made a prima facie showing of its entitlement to summary judgment dismissing the plaintiffs' Labor Law § 241 (6) claim by demonstrating that the Industrial Code sections identified by the plaintiffs in their response to a preliminary conference order did not apply to the facts of this case. In opposition to the motion, the plaintiffs conceded that the Industrial Code sections they had previously identified were inapplicable, but alleged for

the first time that the defendant had violated Industrial Code (12 NYCRR) § 23-5.1 (h), which provides that "[e]very scaffold shall be erected and removed under the supervision of a designated person." Although the Supreme Court had the discretion to consider the belated citation of this provision (*see Kowalik v Lipschutz*, 81 AD3d 782 [2011]; *D'Elia v City of New York*, 81 AD3d 682 [2011]; *Galarraga v City of New York*, 54 AD3d 308, 310 [2008]), the plaintiffs still failed to raise a triable issue of fact as to whether a violation of Industrial Code (12 NYCRR) § 23-5.1 (h) occurred since the deposition testimony of the injured plaintiff and of two other workers indicates that a supervisor designated by their employer was present during the scaffold dismantling process.

The Supreme Court also should have granted that branch of the defendant's cross motion which was for summary judgment dismissing the causes of action to recover damages for an alleged violation of Labor Law § 200 and common-law negligence. The defendant made a prima facie showing that the accident was caused by the manner in which the injured plaintiff performed his work, and that it did not have the authority to supervise or control the performance of his work (*see Erickson v Cross Ready Mix, Inc.*, 75 AD3d 519, 522-523 [2010]; *McFadden v Lee*, 62 AD3d 966, 967 [2009]; *Ortega v Puccia*, 57 AD3d 54, 61 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The cross appeal must be dismissed as abandoned because the plaintiffs' brief does not seek reversal or modification of any portion of the order appealed from (*see Plaisir v Royal Home Sales*, 81 AD3d 799 [2011]; *Matter of Harris v Town Bd. of Town of Riverhead*, 73 AD3d 922, 925 [2010]). Covello, J.P., Dickerson, Eng and Sgroi, JJ., concur.