■ ANGEL JARA, Appellant, v NEW YORK RACING ASSOCIATION, INC., et al., Respondents. (And Third-Party Actions.) [927 NYS2d 87]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), dated February 25, 2010, as granted those branches of the separate motions of the defendant Tishman Construction Corporation of New York and the defendants New York Racing Association, Inc., and Aqueduct Race Track which were for summary judgment dismissing the causes of action under Labor Law § 240 (1) and § 241 (6) insofar as asserted against each of them, and denied his separate cross motions for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, and for leave to supplement his bill of particulars to allege violations of certain sections of the Industrial Code and to deem the bill of particulars, as supplemented, timely served.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the separate motions of the defendant Tishman Construction Corporation of New York and the defendants New York Racing Association, Inc., and Aqueduct Race Track which were for summary judgment dismissing the causes of action under Labor Law § 240 (1) and § 241 (6) insofar as asserted against each of them and substituting therefor provisions denying those branches of the motions, (2) by deleting the provision thereof denying the plaintiff's cross motion for summary judgment on the issue of liability on his cause of action under Labor Law § 240 (1) and substituting therefor a provision granting that cross motion, and (3) by deleting the provision thereof denying that branch of the plaintiff's separate cross motion which was for leave to supplement his bill of particulars to allege a violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (1) and (2), and to deem the bill of particulars, as supplemented, timely served, and substituting therefor a provision granting that branch of

the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellant payable by the respondents appearing separately and filing separate briefs.

The plaintiff, an employee of the third-party defendant, Seasons Contracting Corp. (hereinafter Seasons), allegedly was injured while performing demolition work at the defendant Aqueduct Race Track (hereinafter Aqueduct), which was owned by the defendant New York Racing Association, Inc. (hereinafter NYRA). The defendant Tishman Construction Corporation of New York (hereinafter Tishman), in its capacity as construction manager of a construction project at Aqueduct, had retained Seasons as the demolition subcontractor. On July 30, 2003, after unplugging an electric saw from a power outlet in an adjacent room, the plaintiff was climbing over an eight-foot- high, partially demolished wall and a pile of demolition debris which was blocking the doorway in order to return to the area where he was working, when he tripped and fell over the eight-foot wall and landed on the floor below.

The Supreme Court erred in granting those branches of the defendants' separate motions which were for summary judgment dismissing the cause of action under Labor Law § 240 (1) insofar as asserted against each of them, and in denying the plaintiff's cross motion for summary judgment on the issue of liability on that cause of action. "Labor Law § 240 (1) imposes a nondelegable duty upon owners and general contractors to provide safety devices to protect workers from elevation-related risks" (*Poracki v St. Mary's R.C. Church*, 82 AD3d 1192, 1194 [2011]). "To recover under Labor Law § 240 (1), the plaintiff must demonstrate a violation of the statute and that such violation proximately caused his or her injuries" (*Poracki v St. Mary's R.C. Church*, 82 AD3d at 1194; *see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]; *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]). "[T]he single decisive question [in determining whether Labor Law § 240 (1) is applicable] is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]; *see La Veglia v St. Francis Hosp.*, 78 AD3d 1123, 1127 [2010]).

Here, it is undisputed that the plaintiff fell approximately eight feet from the top of a partially demolished wall and a pile of accumulated demolition debris which was blocking a doorway while he was "gaining access to or working at" the demolition site (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514

[1991]). According to the plaintiff, he had specifically been instructed to locate a functioning electrical outlet in the adjacent room. There was no means by which to move between the rooms other than climbing over the partially demolished wall and the pile of demolition debris. The plaintiff's expert asserted in his affidavit that "a fall arrest system, such as a scaffold, net, or platform erected on the outside of the wall," or "a rope, a wire, or other cordon, fence or railing, along the wall," should have been provided to prevent such a fall. The plaintiff established his prima facie entitlement to judgment as a matter of law on his Labor Law § 240 (1) cause of action by demonstrating that he was not provided with any safety device to properly protect him against the threat posed by the hazardous condition he was required to traverse, and that this failure proximately caused his accident (see Poracki v St. Mary's R.C. Church, 82 AD3d at 1194). In opposition, the defendants failed to raise a triable issue of fact. Contrary to the contention of NYRA and Aqueduct, the plaintiff's conduct was not the sole proximate cause of his injuries (see Beharry v Public Stor., Inc., 36 AD3d 574, 575 [2007]).

"With respect to a claim pursuant to Labor Law § 241 (6), the plaintiff must allege a violation of a specific and applicable provision of the Industrial Code" (D'Elia v City of New York, 81 AD3d 682, 684 [2011]; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 504-505 [1993]). "A failure to identify the Industrial Code provision in the complaint or bill of particulars is not fatal to such a claim" (D'Elia v City of New York, 81 AD3d at 684; see Galarraga v City of New York, 54 AD3d 308, 310 [2008]; Dowd v City of New York, 40 AD3d 908, 911 [2007]). "Rather, leave to amend the pleadings to identify a specific, applicable Industrial Code provision 'may properly be granted, even after the note of issue has been filed, where the plaintiff makes a showing of merit, and the amendment involves no new factual allegations, raises no new theories of liability, and causes no prejudice to the defendant' " (D'Elia v City of New York, 81 AD3d at 684, quoting Galarraga v City of New York, 54 AD3d at 310; see Dowd v City of New York, 40 AD3d at 911). Here, the Supreme Court properly determined that the plaintiff's "belated identification of specific Industrial Code sections" resulted in no prejudice to the defendants. Among the sections of the Industrial Code which the plaintiff sought to add to his bill of particulars, Industrial Code (12 NYCRR) § 23-1.7 (e) (1) and (2), are both sufficiently specific to support a claim pursuant to Labor Law § 241 (6) (see Mugavero v Windows By Hart, Inc., 69 AD3d 694, 696 [2010]; McDonagh v Victoria's Secret, Inc., 9 AD3d 395, 396 [2004]). Industrial Code (12 NYCRR) § 23-1.7 (e) (1) provides,

in pertinent part, that "[a]ll passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping" (Industrial Code [12 NYCRR] § 23-1.7 [e] [1]). Industrial Code (12 NYCRR) § 23-1.7 (e) (2) provides, "[t]he parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed" (Industrial Code [12 NYCRR] § 23-1.7 [e] [2]). The Supreme Court erred in concluding that these Industrial Code sections were inapplicable to the circumstances here. Based on the evidence before the Supreme Court submitted by the defendants in support of those branches of their separate motions which were for summary judgment dismissing the cause of action under Labor Law § 241 (6) insofar as asserted against each of them, the defendants failed to eliminate all triable issues of fact as to whether Industrial Code (12 NYCRR) § 23-1.7 (e) (1) and (2) applied. Accordingly, the Supreme Court should have granted that branch of the plaintiff's cross motion which was for leave to supplement his bill of particulars to allege a violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (1) and (2), and to deem the bill of particulars, as supplemented, timely served, and denied those branches of the defendants' separate motions which were for summary judgment dismissing the cause of action under Labor Law § 241 (6) insofar as asserted against each of them.

Leave to supplement the bill of particulars to allege violations of Industrial Code (12 NYCRR) § 23-1.22 (b) (4) and (c) (2), § 23-3.3 (b) (4), and § 23-5.2 was properly denied, as those sections are inapplicable to the facts as alleged here. With regard to Industrial Code (12 NYCRR) § 23-3.3 (l) and § 23-1.21 (a), the plaintiff did not raise these sections before the Supreme Court, and, thus, they are improperly raised for the first time on appeal (*see Portillo v Roby Anne Dev., LLC*, 32 AD3d 421, 422 [2006]).

Tishman's remaining contention is not properly before this Court. Angiolillo, J.P., Balkin, Dickerson and Cohen, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30832(U).]**