■ DENNIS WARREN, Appellant, v TATYANA STEPANOVA, Respondent, et al., Defendant. [990 NYS2d 859]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated February 5, 2013, as granted that branch of the motion of the defendant Tatyana Stepanova which was, in effect, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 1, 2005, the plaintiff, a carpenter, allegedly was injured while working at a house in Suffolk County owned by the defendant Tatyana Stepanova (hereinafter the defendant).

The plaintiff had been hired to construct low decking at the house and did not require a ladder to perform the work. The plaintiff alleges that as he exited from the back of the house in order to get down to the deck framing, he stepped onto a rung of a ladder that was leaning against the house. The ladder collapsed, and the plaintiff allegedly was injured. Neither the plaintiff nor the defendant owned the ladder.

In August 2007, the plaintiff commenced this action alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). After the completion of discovery, the plaintiff moved for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion.

On appeal, the plaintiff contends that the Supreme Court improperly, in effect, sua sponte, reached an issue which the defendant did not raise in her cross motion when it directed the dismissal of the Labor Law § 241 (6) cause of action. However, the defendant cross-moved for summary judgment dismissing the complaint in its entirety, submitting papers that included arguments for the dismissal of the Labor Law § 241 (6) cause of action. In opposition, the plaintiff contended that the complaint expressly alleged liability under Labor Law § 241 (6) based upon the defendants' violation of Industrial Code rule 23. Thus, contrary to the plaintiff's contention, the issue was properly before the Supreme Court.

Moreover, the Supreme Court properly granted that branch of the defendant's cross motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action. Although the complaint contained a general allegation of a violation of Industrial Code rule 23 (12 NYCRR part 23), it failed to identify a specific and applicable provision of rule 23 that the defendant allegedly violated (see Canosa v Holy Name of Mary R.C. Church, 83 AD3d 635, 637 [2011]; Kowalik v Lipschutz, 81 AD3d 782, 783 [2011]; Galarraga v City of New York, 54 AD3d 308, 310 [2008]). Furthermore, the plaintiff, in opposition to the defendant's cross motion, failed to allege a specific and applicable provision of the Industrial Code (see Kowalik v Lipschutz, 81 AD3d at 783-784).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Hall, Sgroi and Barros, JJ., concur.