■ WLADYSLAW GRABOWSKI, Respondent, v BOARD OF MANAGERS OF AVONOVA CONDOMINIUM et al., Appellants. [48 NYS3d 175]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated June 4, 2015, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On August 10, 2011, the plaintiff allegedly was injured while walking on a concrete-covered area outside a building operated by the defendants. As he was walking, a portion of the concrete collapsed under his foot, causing him to fall. The defendants moved for summary judgment arguing, inter alia, that they lacked constructive notice of the defect. The Supreme Court denied the motion.

In seeking summary judgment dismissing the complaint, the defendants had the initial burden of establishing that they did not create the alleged dangerous condition and did not have actual or constructive notice of it (see Alexis v Motel Oasis, 143 AD3d 926 [2016]; Monastiriotis v Monastiriotis, 141 AD3d 510 [2016]; King v Sam's E., Inc., 81 AD3d 1414 [2011]).

Contrary to the defendants' contention, they failed to meet their initial burden of establishing that they lacked constructive notice of the condition in question. A defendant has constructive notice of a hazardous condition when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]). In support of their motion, the defendants submitted, inter alia, the deposition testimony of the plaintiff, in which he stated that for up to 10 days prior to the accident, he observed that the place where the concrete eventually collapsed had "lines . . . indicating the breaking points." Thus, by their own submissions, the defendants raised an issue of fact as to whether the allegedly dangerous condition was visible and apparent and existed for a sufficient length of time prior to the plaintiff's fall to permit them to discover and remedy it (see Robinson v Viani, 140 AD3d 844 [2016]; Gyokchyan v City of New York, 106 AD3d 780 [2013]; King v Sam's E., Inc., 81 AD3d 1414 [2011]; Merrill v Falleti Motors, Inc., 8 AD3d 1055 [2004]). Accordingly, the branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence was properly denied regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).

However, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as predicated upon a violation of Labor Law § 241 (6). In order to establish a Labor Law § 241 (6) claim, a plaintiff must allege a violation of a specific and applicable provision of the Industrial Code (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505

[1993]). Here, although the plaintiff's bill of particulars alleged a violation of Labor Law § 241 (6), it failed to identify any specific provision of the Industrial Code that the defendants allegedly violated (*see Warren v Stepanova*, 120 AD3d 662, 663 [2014]). Furthermore, in opposition to summary judgment, the plaintiff failed to allege a violation of any specific provision of the Industrial Code, and did not address the issue (*see Warren v Stepanova*, 120 AD3d at 663; *see also Foley v Consolidated Edison Co. of N.Y., Inc.*, 84 AD3d 476, 478 [2011]).

The defendants' remaining contention is improperly raised for the first time on appeal. Chambers, J.P., Austin, Hinds-Radix and Barros, JJ., concur.