Christie v Live Nation Concerts, Inc. (2021 NY Slip Op 01747)





Christie v Live Nation Concerts, Inc.


2021 NY Slip Op 01747


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-00029
 (Index No. 790/14)

[*1]Michael Christie, appellant, 
v
Live Nation Concerts, Inc., et al., respondents (and a third-party action).


The Law Offices of Edmond C. Chakmakian, P.C. (Alexander J. Wulwick, New York, NY, of counsel), for appellant.
Brody & Branch, LLP, New York, NY (Mary Ellen O'Brien and Tanya M. Branch of counsel), for respondent Live Nation Concerts, Inc.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondent BMS CAT, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated October 25, 2018. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Live Nation Concerts, Inc., and the defendant BMS CAT, Inc., which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against each of them, and denied the plaintiff's cross motion for summary judgment on the issue of liability on that cause of action.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff, a construction laborer, allegedly injured his knee while carrying a heavy steel truss with four coworkers on level ground. The plaintiff thereafter commenced this action against the defendants, Live Nation Concerts, Inc., and BMS CAT, Inc., the alleged owner of the site and the general contractor on the subject project, respectively, alleging, inter alia, a violation of Labor Law § 240(1). The defendants separately moved, among other things, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against each of them. The plaintiff cross-moved for summary judgment on the issue of liability on that cause of action. By order dated October 28, 2015, the Supreme Court, among other things, granted those branches of the separate motions of the defendants which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against each of them, and denied the plaintiff's cross motion for summary judgment on the issue of liability on that cause of action. The plaintiff appeals.
"The extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do 'not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 915-916, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [emphasis omitted]). [*2]In determining whether the plaintiff is entitled to the extraordinary protection of that strict liability statute, "the single decisive question is whether [the] plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603; see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 10).
Here, the defendants' evidence demonstrated that the plaintiff twisted his knee when he and his coworkers lost their grip on the truss they were carrying on level ground. Through this evidence, the defendants demonstrated, prima facie, that the plaintiff's injury was not caused by the failure to provide adequate protection against an elevation-related hazard encompassed by Labor Law § 240(1) (see Simmons v City of New York, 165 AD3d 725; Sullivan v New York Athletic Club of the City of N.Y., 162 AD3d 955, 957; Portalatin v Tully Constr. Co.-E.E. Cruz & Co., 155 AD3d 799). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against each of them. For the same reasons, the court properly denied the plaintiff's cross motion for summary judgment on the issue of liability on that cause of action.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court