Williams v City of New York (2026 NY Slip Op 00938)

Williams v City of New York

2026 NY Slip Op 00938

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-07160
 (Index No. 716757/21)

[*1]Antonio D. Williams, appellant, 
vCity of New York, et al., respondents.

Davidoff Law, P.C., New York, NY (Mark Getzoni of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Cynthia Holfester Neugebauer of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered April 9, 2024. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 28, 2020, the plaintiff allegedly was injured while working at a construction site located at the Queensbridge Housing Project in Queens. On the date of the accident, the plaintiff was working as a laborer for Venture Solar, which had been hired to install solar panels on the rooftops of the subject premises. According to the plaintiff, he and certain of his coworkers were instructed to move a "moon cart" from one rooftop to an adjacent rooftop that was approximately two feet higher and separated by a gate. The workers jointly decided to move the cart by lifting it above their heads and passing it over the gate. As the plaintiff lifted one corner of the cart while he stood with his feet planted on the ground, the cart allegedly hit the plaintiff in the head and he fell.
The plaintiff commenced this action against, among others, the owner of the premises, the defendant New York City Housing Authority, asserting, inter alia, causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The defendants moved, among other things, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). In an order entered April 9, 2024, the Supreme Court, inter alia, granted those branches of the motion. The plaintiff appeals.
"Labor Law § 240(1) imposes a nondelegable duty . . . upon owners and general contractors and their agents to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Verdi v SP Irving Owner, LLC, 227 AD3d 932, 935 [internal quotation marks omitted]; see Canales v Rye Neck Union Free School Dist., 238 AD3d 836, 838; Reyes v Astoria 31st St. Devs., LLC, 190 AD3d 872, 872). "[I]t is settled that 'the extraordinary protections of the statute in the first instance apply only to a narrow class of dangers'" (Giraldo v [*2]Highmark Ind., LLC, 226 AD3d 874, 875-876 [internal quotation marks omitted], quoting Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 96-97; see Canales v Rye Neck Union Free School Dist., 238 AD3d at 838). "More specifically, Labor Law § 240(1) relates only to special hazards presenting elevation-related risk[s]. Liability may, therefore, be imposed under the statute only where the plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d at 97 [citations and internal quotation marks omitted]; see Canales v Rye Neck Union Free School Dist., 238 AD3d at 838). "'Consequently, the protections of Labor Law § 240(1) do not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Giraldo v Highmark Ind., LLC, 226 AD3d at 876 [emphasis and internal quotation marks omitted], quoting Nicometi v Vineyards of Fredonia, LLC, 25 NY3d at 97; see Canales v Rye Neck Union Free School Dist., 238 AD3d at 838). "[C]ourts must take into account the practical differences between the usual and ordinary dangers of a construction site, and . . . the extraordinary elevation risks envisioned by Labor Law § 240(1)" (Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 339 [internal quotation marks omitted]).
Here, the defendants established, prima facie, that the plaintiff's alleged injuries were not caused by an elevation-related or gravity-related risk encompassed by Labor Law § 240(1) (see Rodriguez v Margaret Tietz Ctr. for Nursing Care, 84 NY2d 841, 843-844; Christie v Live Nation Concerts, Inc., 192 AD3d 971, 973; Garcia v Edgewater Dev. Co., 61 AD3d 924, 925). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1).
"'With respect to a claim pursuant to Labor Law § 241(6), the plaintiff must allege a violation of a specific and applicable provision of the Industrial Code'" (Devoy v City of New York, 192 AD3d 665, 669, quoting Jara v New York Racing Assn., Inc., 85 AD3d 1121, 1123 [internal quotation marks omitted]). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241(6) by demonstrating that the complaint and bill of particulars "failed to identify a specific and applicable provision of [Industrial Code] rule 23 that the defendant allegedly violated" (Warren v Stepanova, 120 AD3d 662, 663; see Grabowski v Board of Mgrs. of Avonova Condominium, 147 AD3d 913, 915; Canosa v Holy Name of Mary R.C. Church, 83 AD3d 635, 637). In opposition, the plaintiff failed to allege a specific and applicable provision of the Industrial Code (see Grabowski v Board of Mgrs. of Avonova Condominium, 147 AD3d at 915; Warren v Stepanova, 120 AD3d at 663). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6).
CHAMBERS, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court