Casilari v Condon (2020 NY Slip Op 04146)





Casilari v Condon


2020 NY Slip Op 04146


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2019-02200
 (Index No. 514206/15)

[*1]Jose Casilari, et al., respondents, 
v
Zachary F. Condon, appellant.


James J. Toomey, New York, NY (Evy L. Kazansky of counsel), for appellant.
Raskin & Kremins, LLP, New York, NY (Rhonda Katz of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated December 11, 2018. The order, insofar as appealed from, denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence are granted.
The plaintiff Jose Casilari (hereinafter the injured plaintiff) allegedly was injured when he fell 8 to 10 feet to the ground from a deck while removing a window at a single-family home owned by the defendant. The defendant was not residing at the premises during the renovations nor was he present on the date of the accident. The injured plaintiff allegedly was standing on a five-gallon bucket and using a crowbar to remove the window from the house's exterior wall. According to the injured plaintiff, as he lifted the window out of the wall, he stepped backwards and fell through an unguarded stairwell opening in the deck from which the staircase had been removed. According to the defendant, he was last present at the site about two days prior to the accident, at which time the stairwell opening was covered, and the stairs were still in place.
The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries, alleging violations of Labor Law §§ 200, 240, and 241(6), and common-law negligence. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted those branches of the motion which were for summary judgment dismissing the Labor Law §§ 240 and 241(6) causes of action but denied those branches of the motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action. The defendant appeals.
"Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Ortega v Puccia, 57 AD3d 54, 60; see Poulin v Ultimate Homes, Inc., 166 AD3d 667, 670). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective [*2]premises conditions at a work site, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 61). Where "a claim arises out of alleged defects or dangers arising from a subcontractor's methods or materials, recovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505; see Lombardi v Stout, 80 NY2d 290, 295). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 62). "[M]ere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (id.; see Suconota v Knickerbocker Props., LLC, 116 AD3d 508, 508).
Here, the defendant established, prima facie, that he did not exercise supervision or control over the performance of the work giving rise to the accident (see Poulin v Ultimate Homes, Inc., 166 AD3d at 670; Suconota v Knickerbocker Props., LLC, 116 AD3d at 508-509). Further, to the extent that the accident could be viewed as arising from a dangerous or defective premises condition at the work site, the defendant established, prima facie, that he did not create or have actual or constructive notice of the alleged dangerous condition (see Tukshaitov v Young Men's & Women's Hebrew Assn., 180 AD3d 1101).
In opposition, the plaintiffs failed to raise a triable issue of fact. We disagree with the Supreme Court's determination to consider the affidavit of a nonparty witness submitted by the plaintiffs in opposition to the defendant's motion. In his discovery demands, the defendant sought disclosure of, inter alia, the name of any witness who had actual notice of the alleged condition, or the nature and duration of such condition. The nonparty witness was not disclosed in the plaintiffs' discovery responses, the plaintiffs failed to offer an excuse for their failure to do so, and nothing that transpired during discovery would have alerted the defendant of the potential significance of the nonparty's testimony (see Henry v Higgins, 117 AD3d 796, 797; see also Gallway v Muintir, LLC, 142 AD3d 948, 949-950; cf. Dume v CK-HP 1985 Marcus Ave., LLC, 136 AD3d 860, 861; Sadler v Brown, 108 AD2d 739, 740-741).
Accordingly, the Supreme Court should have granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence.
BALKIN, J.P., ROMAN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court