Eliassian v G.F. Constr., Inc. (2021 NY Slip Op 00419)





Eliassian v G.F. Constr., Inc.


2021 NY Slip Op 00419


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-13718
 (Index No. 606443/15)

[*1]Dan Eliassian, respondent,
v
G.F. Construction, Inc., appellant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for appellant.
Omrani & Taub, P.C., New York, NY (James L. Forde of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), dated October 26, 2018. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff is the owner of property that includes a single-family home. In his capacity as the president of Alliance Real Estate, Inc. (hereinafter Alliance), the plaintiff hired the defendant to perform excavation work on a renovation project at the property. On June 21, 2014, the plaintiff was on the site to inspect the work when he stepped on a low concrete retaining wall and slipped on oil, which allegedly had leaked from a defective hydraulic line of a backhoe that was brought onto the property by the defendant and used by the defendant for its work.
The plaintiff commenced this action to recover damages for common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). After issue was joined, the defendant moved for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The motion was denied and that denial was affirmed on appeal (see Eliassian v G.F. Constr., Inc., 163 AD3d 528). Following additional discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendant appeals.
Labor Law § 240(1) requires that persons "employed in," inter alia, the "alteration" of a building be provided with proper protective devices. Labor Law § 241(6) requires contractors and owners and their agents who are performing excavation work to comply with the provisions of the Industrial Code to protect "the persons employed therein or lawfully frequenting such places." "Employee" is defined in Labor Law § 2(5) as "a mechanic, workingman or laborer working for another for hire." A plaintiff who seeks to recover under Labor Law §§ 240(1) and 241(6) must [*2]show that he or she was both permitted to work on a building or structure and was hired by someone (see Hill v Country Club Acres, Inc., 134 AD3d 1267). Those provisions may apply to the president of the general contractor for the project, who is inspecting work performed by subcontractors (see Van Buskirk v State of New York, 303 AD2d 970). Inspecting the work on behalf of a general contractor is a protected activity covered by these Labor Law provisions (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878; DeSimone v City of New York, 121 AD3d 420).
The plaintiff alleges that he was on his property on behalf of his company, Alliance, to inspect the progress of the work of the defendant, which was a subcontractor hired by Alliance to perform excavation work (see Eliassian v G.F. Constr., Inc., 163 AD3d at 529). The defendant failed to establish, prima facie, that the plaintiff is not a proper plaintiff pursuant to Labor Law §§ 240(1) and 241(6).
Further, the defendant alleges that it was not the general contractor or agent of the owner, and therefore could not be liable for alleged violations of Labor Law §§ 240(1) and 241(6). However, a subcontractor may be liable for violations of those provisions if the owner or general contractor delegates to the subcontractor the "duty to conform to the requirements of [the Labor Law]" by granting the subcontractor the authority to supervise and control the work which brought about the injury (Walls v Turner Constr. Co., 4 NY3d 861, 864 [internal quotation marks omitted]; see Van Blerkom v America Painting, LLC, 120 AD3d 660; Temperino v DRA, Inc., 75 AD3d 543, 545; Barrios v City of New York, 75 AD3d 517). The defendant did not establish its prima facie entitlement to judgment as a matter of law on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) based upon its status as a subcontractor. Triable issues of fact exist as to whether the defendant could be liable under Labor Law §§ 240(1) and 241(6) on the ground that it had control of the work site and was delegated the duty to enforce safety protocols at the time the accident occurred.
However, the defendant established that it was entitled to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240(1) on the ground that the plaintiff was not exposed to the type of elevation-related hazard contemplated by that statute. The evidence submitted by the defendant established that the height differential from the concrete retaining wall to the ground did not constitute a physically significant elevation differential covered by the statute (see Jackson v Hunter Roberts Constr. Group, LLC, 161 AD3d 666, 667; Sawczyszyn v New York Univ., 158 AD3d 510, 511; Torkel v NYU Hosps. Ctr., 63 AD3d 587, 590). Since, in opposition, the plaintiff failed to raise a triable issue of fact in this regard, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1).
We agree with the Supreme Court's determination to deny those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200. "Section 200 of the Labor Law merely codified the common-law duty imposed upon an owner or general contractor to provide construction site work[ers] with a safe place to work" (Russin v Louis N. Picciano & Son, 54 NY2d 311, 316-317). "To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have 'authority to exercise supervision and control over the work'" (Rojas v Schwartz, 74 AD3d 1046, 1046, quoting Gallello v MARJ Distribs., Inc., 50 AD3d 734, 735). Where the plaintiff's injuries arise from a dangerous condition on the premises, a defendant may be liable under Labor Law § 200 "if it 'either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition'" (Rojas v Schwartz, 74 AD3d at 1047 [internal quotation marks omitted]). Here, the defendant failed to demonstrate, prima facie, that it did not create or have notice of the allegedly dangerous condition.
Accordingly, we agree with the Supreme Court's determination denying those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6) and common-law negligence, but the court should have granted that branch of the motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1).
MASTRO, A.P.J., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court