Devoy v City of New York (2021 NY Slip Op 01247)





Devoy v City of New York


2021 NY Slip Op 01247


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-10305
 (Index No. 100834/15)

[*1]Brian C. Devoy, respondent,
v
City of New York, et al., appellants.


Wilson Elser Moskowitz Edelman & Dicker LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty and Anthony F. DeStefano], of counsel), for appellants.
Elefterakis, Elefterakis & Panek (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated June 1, 2018. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1), and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon violations of 12 NYCRR 23-1.16(d), 23-5.1(f) and (h), and 23-5.2.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon violations of 12 NYCRR 23-1.16(d) and 23-5.1(f) and (h), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff was employed as a laborer by a contractor that was performing work for the "Staten Island Siphon Project," which involved the construction of an underground tunnel between Staten Island and Brooklyn. The plaintiff testified at his deposition that while he was performing work in the tunnel, he was standing on a mobile, elevated platform that enabled him to avoid being struck by a train that was passing by on a track in the tunnel. According to the plaintiff, however, tunnel segments being carried by the train had turned sideways and struck the plaintiff as the train passed, causing him to fall off the elevated platform and underneath the train, and to sustain injuries.
The plaintiff commenced this personal injury action against the defendants, City of New York, New York City Department of Environmental Protection, New York City Economic Development Corporation, and Port Authority of New York and New Jersey, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The defendants moved for [*2]summary judgment dismissing the complaint, and the plaintiff moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. The Supreme Court, inter alia, granted the plaintiff's motion and denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1), and so much of the Labor Law § 241(6) cause of action as was predicated upon violations of 12 NYCRR 23-1.16(d), 23-5.1(f) and (h), and 23-5.2. The defendants appeal.
"Labor Law § 240(1) imposes absolute liability on owners, contractors, and their agents when their 'failure to provide proper protection to workers employed on a construction site proximately causes injury to a worker'" (Doto v Astoria Energy II, LLC, 129 AD3d 660, 661, quoting Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7). "'The contemplated hazards [of Labor Law § 240(1)] are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured'" (Biafora v City of New York, 27 AD3d 506, 508, quoting Rocovich v Consolidated Edison Co., 78 NY2d 509, 514).
"[I]t is settled that 'the extraordinary protections of the statute in the first instance apply only to a narrow class of dangers'" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 96-97, quoting Melber v 6333 Main Street, Inc., 91 NY2d 759, 762). "More specifically, Labor Law § 240(1) relates only to 'special hazards' presenting 'elevation-related risk[s]'" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d at 97, quoting Rocovich v Consolidated Edison Co., 78 NY2d at 514). "Consequently, the protections of Labor Law § 240(1) 'do not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d at 97, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). "Liability may, therefore, be imposed under the statute only where the 'plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential'" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d at 97, quoting Runner v New York Stock Exch., Inc., 13 NY3d 599, 603). "In order to obtain summary judgment on the issue of liability on a Labor Law § 240(1) cause of action, a plaintiff is required to demonstrate, prima facie, that there was a violation of the statute and that the violation was a proximate cause of his or her injuries" (Jones v City of New York, 166 AD3d 739, 740).
Here, the plaintiff established, prima facie, that there was a violation of Labor Law § 240(1) and that this violation was a proximate cause of his injuries. His injuries were a foreseeable consequence of standing on a small elevated platform above a moving train, such that the act of the segments rotating and striking the plaintiff was not of such an "extraordinary nature" as to relieve the defendants from liability under Labor Law § 240(1) (Alomia v New York City Tr. Auth., 292 AD2d 403, 405). Further, the height differential from which the plaintiff fell was sufficient to invoke the protections of the statute (see Doto v Astoria Energy II, LLC, 129 AD3d 660; Latino v Nolan & Taylor-Howe Funeral Home, 300 AD2d 631). In opposition, the defendants, who offered no evidence contradicting the plaintiff's account of the events surrounding the accident, failed to raise a triable issue of fact (see Lopez-Dones v 601 W. Assoc., LLC, 98 AD3d 476). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action and, for the same reasons, properly denied that branch of the defendants' motion which was for summary judgment dismissing that cause of action.
The Supreme Court also properly denied that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200. "'Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work'" (Casilari v Condon, 185 AD3d 896, 897, quoting Ortega v Puccia, 57 AD3d 54, 60). "'Cases involving Labor Law § 200 fall into two broad categories, namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed'" (Sanders v Sanders-Morrow, 177 AD3d 920, 922-923, quoting Torres v City of New York, 127 AD3d 1163, 1165). "Where 'a claim arises out of alleged defects or dangers arising from a subcontractor's methods or materials, recovery against the owner or general contractor cannot be [*3]had unless it is shown that the party to be charged exercised some supervisory control over the operation'" (Casilari v Condon, 185 AD3d at 897-898, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 505). "'A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed'" (Crichigno v Pacific Park 550 Vanderbilt, LLC, 186 AD3d 664, 665-666, quoting Ortega v Puccia, 57 AD3d at 62). "[M]ere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (Rodriguez v Trades Constr. Servs. Corp., 121 AD3d 962, 965).
"'A party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant'" (Antonyshyn v Tishman Constr. Corp., 153 AD3d 1308, 1310, quoting MVB Collision, Inc. v Progressive Ins. Co., 129 AD3d 1040, 1041).
Here, the defendants established, prima facie, that they did not have any supervisory control over the work site through the deposition testimony of Brian Larsen, a senior vice president of the New York City Economic Development Corporation. However, the plaintiff demonstrated that the defendants' motion was premature with respect to the common-law negligence and Labor Law § 200 causes of action, as the motion was made prior to the deposition of a witness from a nonparty, and the plaintiff was able to demonstrate how this discovery might lead to relevant evidence regarding the defendants' supervisory control over the work site.
The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon a violation of 12 NYCRR 23-5.2, but the court improperly denied that branch of the motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon violations of 12 NYCRR 23-1.16(d) and 23-5.1(f) and (h). "'With respect to a claim pursuant to Labor Law § 241(6), the plaintiff must allege a violation of a specific and applicable provision of the Industrial Code'" (Jara v New York Racing Assn., Inc., 85 AD3d 1121, 1123, quoting D'Elia v City of New York, 81 AD3d 682, 684). As the plaintiff correctly concedes, 12 NYCRR 23-1.16(d) and 23-5.1(f) do not apply to this matter. Contrary to the plaintiff's contention, 12 NYCRR 23-5.1(h) also does not apply, as the elevated platform was not being erected or removed at the time of the plaintiff's accident (see Allan v DHL Express [USA], Inc., 99 AD3d 828). Accordingly, the court should have granted that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon violations of 12 NYCRR 23-1.16(d) and 23-5.1(f) and (h). However, as the defendants failed to establish that 12 NYCRR 23-5.2 is inapplicable to this matter, the court correctly denied that branch of the defendants' motion as it pertained to this Industrial Code provision.
DILLON, J.P., CHAMBERS, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court