Cain v Ameresco, Inc. (2021 NY Slip Op 03572)





Cain v Ameresco, Inc.


2021 NY Slip Op 03572


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-12614
 (Index No. 1476/14)

[*1]Michael C. Cain, et al., appellants,
v
Ameresco, Inc., et al., respondents.


Chesney & Nicholas, LLP, Syosset, NY (Gregory E. Brower of counsel), for appellants.
Camacho Mauro Mulholland, LLP, New York, NY (Nicholas V. Ferrara of counsel), for respondent Ameresco, Inc.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondent Central Islip Union Free School District.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated October 19, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendant Central Islip Union Free School District which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 241(6) and 200 and common-law negligence asserted against it, and denied the plaintiffs' motion for summary judgment on the issue of liability on the causes of action alleging a violation of Labor Law § 240(1) or, in the alternative, to impose sanctions against the defendant Central Islip Union Free School District for spoliation of evidence.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendant Central Islip Union Free School District which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence asserted against it, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs and disbursements.
On February 2, 2013, the plaintiff Michael C. Cain (hereinafter the injured plaintiff) was installing temperature controls in a mechanical room located above the pool office at Central Islip High School when he was involved in an accident. The injured plaintiff was a controls technician employed by County Energy Controls, a subcontractor that was performing work for the general contractor, the defendant Ameresco, Inc. (hereinafter Ameresco), on a project at the school. The mechanical room was accessed through an opening in the ceiling of the pool office, approximately 12 feet from the floor, by use of a ladder affixed to the wall of the pool office. The opening had a steel hatch door that opened into the mechanical room. The top of the ladder fell short of the mechanical room floor. The injured plaintiff testified at a General Municipal Law § 50-h hearing and his deposition that he fell from the mechanical room to the floor of the pool office when [*2]his foot slipped off the affixed ladder as he was descending through the opening from the mechanical room to the pool office below.
The injured plaintiff, and his wife suing derivatively, commenced this action against Ameresco and the defendant Central Islip Union Free School District (hereinafter the School District), asserting causes of action alleging violations of Labor Law §§ 240(1), 241(6), and 200 and common-law negligence. The School District moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs moved for summary judgment on the issue of liability on the Labor Law § 240(1) causes of action or, in the alternative, to impose sanctions against the School District for spoliation of evidence. The Supreme Court, inter alia, denied the plaintiffs' motion and granted those branches of the School District's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6) asserted against it. The plaintiffs appeal.
The Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the causes of action alleging a violation of Labor Law § 240(1). "Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Loretta v Split Dev. Corp., 168 AD3d 823, 824 [internal quotation marks omitted]; see Jones v City of New York, 166 AD3d 739, 740). "In order to obtain summary judgment on the issue of liability on a Labor Law § 240(1) cause of action, a plaintiff is required to demonstrate, prima facie, that there was a violation of the statute and that the violation was a proximate cause of his or her injuries" (Jones v City of New York, 166 AD3d at 740).
Here, the plaintiffs failed to establish, prima facie, either that there was a violation of Labor Law § 240(1) or that the injured plaintiff was not the sole proximate cause of the accident (see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433; Lozada v St. Patrick's RC Church, 174 AD3d 879, 881). In addition to submitting the injured plaintiff's deposition testimony in support of their motion, the plaintiffs submitted the deposition testimony of two employees of the School District. Both School District employees testified that on the date of the accident, they wrote incident reports stating that the injured plaintiff told them, immediately after his fall, that he had forgotten that he had covered the opening to the mechanical room with cardboard and stepped on it, falling to the floor of the office below. Thus, the plaintiffs' submissions failed to eliminate the existence of triable issues of fact as to how the accident occurred (see Lozada v St. Patrick's RC Church, 174 AD3d at 881). Since the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the Labor Law § 240(1) causes of action, we need not consider the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was to impose sanctions against the School District for spoliation of evidence. "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]). Here, the plaintiffs failed to demonstrate that the alteration of the ladder in question subsequent to the accident was relevant to their causes of action (see Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d 1031, 1032-1033).
The Supreme Court properly granted that branch of the School District's motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action asserted against it. "Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Aragona v State of New York, 147 AD3d 808, 809 [internal quotation marks omitted]). The School District established, prima facie, that the Industrial Code provisions relied upon by the plaintiffs as predicates for liability under Labor Law § 241(6) are either not applicable to the facts of this case or not sufficiently specific to support a Labor Law § 241(6) cause of action (see Lombardi v City of New [*3]York, 175 AD3d 1521, 1522; Kin v State of New York, 101 AD3d 1606, 1608; Kwang Ho Kim v D & W Shin Realty Corp., 47 AD3d 616, 619). In opposition, the plaintiffs failed to raise a triable issue of fact.
However, the Supreme Court erred in granting those branches of the School District's motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action asserted against it on the ground that those causes of action were duplicative of the Labor Law § 240(1) cause of action, as the plaintiffs may assert alternative Labor Law causes of action (see generally Bauer v Female Academy of Sacred Heart, 97 NY2d 445, 451).
Moreover, the School District failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action asserted against it. "Labor Law § 200 is a codification of the common-law duty of property owners and general contractors to provide workers with a safe place to work" (Bianchi v New York City Tr. Auth., 192 AD3d 745, 747). "Where the plaintiff's injuries arise from a dangerous condition on the premises, a defendant may be liable under Labor Law § 200 if it 'either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition'" (Eliassian v G.F. Constr., Inc., 190 AD3d 947, 950, quoting Rojas v Schwartz, 74 AD3d 1046, 1047 [internal quotation marks omitted]). Here, the School District failed to demonstrate, prima facie, that it did not create or have constructive notice of the allegedly dangerous condition.
Accordingly, the Supreme Court should have denied those branches of the School District's motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action asserted against it.
The plaintiffs' remaining contention is without merit.
MASTRO, J.P., RIVERA, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court