Andrade v Bergen Beach 26, LLC (2023 NY Slip Op 01881)

Andrade v Bergen Beach 26, LLC

2023 NY Slip Op 01881

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2020-07306
 (Index No. 707624/17)

[*1]Freddy Andrade, appellant, 
v
Bergen Beach 26, LLC, respondent, et al., defendants (and a third-party action).

Oresky & Associates, PLLC, Bronx, NY (John J. Nonnenmacher and Barry Semel-Weinstein of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered September 23, 2020. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Bergen Beach 26, LLC.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff allegedly was injured when he fell from a ladder while delivering masonry supplies on a construction site where his employer had been hired as a subcontractor. The plaintiff commenced this action against, among others, the defendant Bergen Beach 26, LLC (hereinafter the defendant), the owner of the premises and general contractor, asserting, inter alia, a cause of action alleging a violation of Labor Law § 240(1). Following discovery, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant. The Supreme Court denied the plaintiff's motion, and the plaintiff appeals.
Labor Law § 240(1) "imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Joseph v 210 W. 18th, LLC, 189 AD3d 1384, 1385 [internal quotation marks omitted]; see Orellana v 7 W. 34th St., LLC, 173 AD3d 886, 887). "To prevail on a cause of action alleging a violation of Labor Law § 240(1), a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (Joseph v 210 W. 18th, LLC, 189 AD3d at 1385 [internal quotation marks omitted]).
Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant. The plaintiff 's own submissions demonstrate that there are triable issues of fact as to whether Labor Law § 240(1) was violated and whether such a violation was a proximate cause of his injuries (see Grieve v MCRT Northeast Constr., LLC, 197 AD3d 623, 624; Cain v Ameresco, Inc., 195 AD3d 677, 679; Joseph v 210 W. 18th, LLC, 189 AD3d at 1385; Lozada v St. Patrick's RC Church, 174 AD3d 879, 881). Accordingly, the Supreme Court properly denied the plaintiff's motion, without regard to the sufficiency of the opposition [*2]papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court