Magistro v New York City Hous. Auth. (2025 NY Slip Op 00852)

Magistro v New York City Hous. Auth.

2025 NY Slip Op 00852

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2020-09408
 (Index No. 510285/19)

[*1]Michael Magistro, appellant, 
v
New York City Housing Authority, respondent, et al., defendant.

StolzenbergCortelli, LLP, White Plains, NY (Terrence James Cortelli of counsel), for appellant.
Connors & Connors, P.C., Staten Island, NY (Robert J. Pfuhler of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated October 9, 2020. The order, insofar as appealed from, granted the motion of the defendant New York City Housing Authority for summary judgment dismissing the complaint insofar as asserted against it and denied the plaintiff's motion for leave to amend his bill of particulars and for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) against the defendant New York City Housing Authority.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of the defendant New York City Housing Authority which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1) insofar as asserted against it, and substituting therefor a provision denying those branches of the motion, with leave to renew upon the completion of discovery, and (2) by adding a provision thereto providing that the denial of that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) against the defendant New York City Housing Authority is with leave to renew upon the completion of discovery; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly was injured while working as a plumber on a project involving the replacement of an underground leaking water pipe by the plaintiff's employer, Richard's Plumbing and Heating Co., Inc., at premises owned by the defendant New York City Housing Authority (hereinafter NYCHA). To access the pipe, part of the sidewalk had to be broken up, and a hole approximately four feet deep was created using an excavator. At the time of the incident, the plaintiff and a coworker were manually loading pieces of broken concrete from inside and outside the hole into the excavator bucket, which was on the ground level near the hole. The plaintiff was standing "waist high" in the hole, while his coworker was on the ground level. The slabs varied in size, with the largest measuring approximately two feet by two feet. While the plaintiff put a piece of concrete into the bucket, his coworker "slammed" an approximately two-feet-by-one-foot piece of concrete into the bucket directly on top of the plaintiff's right hand, causing him to sustain injuries.
The plaintiff commenced this action to recover damages for personal injuries against [*2]NYCHA and the defendant City of New York, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). Before the exchange of written discovery and before any depositions were held, NYCHA moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff opposed the motion and moved for leave to amend his bill of particulars to assert violations of certain additional Industrial Code provisions and for summary judgment on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action against NYCHA. In an order dated October 9, 2020, the Supreme Court, inter alia, granted NYCHA's motion and denied the plaintiff's motion. The plaintiff appeals.
"Labor Law § 200 is a codification of the common-law duty of owners, contractors, and their agents to provide workers with a safe place to work" (Doto v Astoria Energy II, LLC, 129 AD3d 660, 663; see Alberici v Gold Medal Gymnastics, 197 AD3d 540, 543). "To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have the authority to exercise supervision and control over the work" (Torres v City of New York, 127 AD3d 1163, 1165 [internal quotation marks omitted]; see Kosinski v Brendan Moran Custom Carpentry, Inc., 138 AD3d 935, 937).
"'Labor Law § 240(1) imposes upon owners . . . a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites'" (Mitchell v 148th St. Jamaica Condominium, 221 AD3d 596, 598, quoting Ennis v Noble Constr. Group, LLC, 207 AD3d 703, 704). Liability is contingent upon "the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267). "The contemplated hazards [of Labor Law § 240(1)] are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (Lombardi v City of New York, 175 AD3d 1521, 1523-1524 [internal quotation marks omitted]; see Natale v City of New York, 33 AD3d 772, 774).
The Supreme Court should have denied as premature, with leave to renew upon the completion of discovery, those branches of NYCHA's motion which were for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 240(1) causes of action insofar as asserted against it. "A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (Salameh v Yarkovski, 156 AD3d 659, 660; see Rutherford v Brooklyn Navy Yard Dev. Corp., 174 AD3d 932, 933). "A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (Brea v Salvatore, 130 AD3d 956, 956; see CPLR 3212[f]; Salameh v Yarkovski, 156 AD3d at 660). "A party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (MVB Collision, Inc. v Progressive Ins. Co., 129 AD3d 1040, 1041; see Knowles v 21-43 27th St., LLC, 224 AD3d 737, 737).
Here, NYCHA's motion was made before written discovery was exchanged and before any depositions were taken. Further, the plaintiff demonstrated that NYCHA's motion was premature with respect to the common-law negligence and Labor Law §§ 200 and 240(1) causes of action, as discovery with respect to several relevant issues, some of which were exclusively within the knowledge of NYCHA, was necessary to oppose those branches of the motion (see Devoy v City of New York, 192 AD3d 665, 669; Rutherford v Brooklyn Navy Yard Dev. Corp., 174 AD3d at 933). Thus, the plaintiff was entitled to conduct discovery that may result in relevant disclosure. For the same reason, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) against NYCHA as premature, with leave to renew upon the completion of discovery.
However, the Supreme Court properly granted that branch of NYCHA's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it and properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on that cause of action against NYCHA. "Labor Law § 241(6) imposes upon owners . . . a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations [*3]promulgated by the Commissioner of the Department of Labor" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 718 [internal quotation marks omitted]; see Argueta v City of New York, 223 AD3d 862, 863). "To prevail on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must establish the violation of an Industrial Code provision that sets forth specific, applicable safety standards, and that his or her injuries were proximately caused by such Industrial Code violation" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 718; see Argueta v City of New York, 223 AD3d at 863). Here, NYCHA established, prima facie, that the Industrial Code provisions relied upon by the plaintiff as predicates for liability under Labor Law § 241(6) were either not applicable to the facts of this case or not sufficiently specific to support a Labor Law § 241(6) cause of action (see Cain v Ameresco, Inc., 195 AD3d 677, 677; Lombardi v City of New York, 175 AD3d at 1522). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
BARROS, J.P., IANNACCI, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court